Barbara A. Solomon (BAS 8845)
Michael Chiappetta (MC 7644)
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
866 United Nations Plaza
New York, NY 10017
(212) 813-5900
Attorneys for Plaintiff Chanel, Inc.



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                     :

CHANEL, INC.,                      :

                      Plaintiffs,      :      Civ. No. 07cv11113 (NRB)(GWG)
     v.                         :

                                       :      **FIRST AMENDED**
TENG DA TRADING INC, TENG DA TRADING  :      **COMPLAINT**
USA INC, XIANG YUAN FAN a/k/a SHAWN  :
FAN and JOHN DOES 1-10             :
                      Defendants.   :
------------------------------------------------------------x

        Plaintiff Chanel, Inc. ("Chanel" or "Plaintiff"), by its undersigned attorneys, Fross

Zelnick Lehrman & Zissu, for its Complaint against defendants Teng Da Trading Inc., Teng Da

Trading USA Inc., Xiang Yuan Fan a/k/a Shawn Fan and John Does 1-10 (collectively

"Defendants") alleges as follows:

SUBSTANCE OF THE ACTION

        1.     Plaintiff is a world-famous manufacturer of highly-desired luxury goods,

including handbags. Plaintiff's products regularly appear in widely-read fashion magazines and

on the arms of celebrities whose photographs appear in national publications and films. In view

of Plaintiff's fame and reputation garnered as a result of such continuous, high-profile publicity,

as well as the enormous success of Plaintiff's business, Plaintiff has become a favored target for

{F0280180.1 }

infringers seeking a free ride on and profit from Plaintiff's well-established and prominent reputation. This case is an example of such unlawful conduct.

2.      This case concerns the infringement of Plaintiff's world-famous interlocking, back-to-back CC monogram, which appears substantially as follows:



(the "CC Monogram"). Defendants are engaged in the manufacture, importation, distribution, promotion and/or sale of handbags and wallets -- the very goods on and in connection with which Plaintiff uses and has registered its CC Monogram – that bear an, interlocking, back-to-back CC's closed off with "v" shapes facing outward, which appears substantially as follows:



("Defendants' Design").

3.      Defendants' Design, standing alone, is confusingly similar to the CC Monogram. However, on information and belief, Defendants intend Defendants' Design not just to be confusingly similar to the CC Monogram, but to be identical to the CC Monogram. Towards that end, Defendants' Design is embroidered onto Defendants' products in such a way that the "v" portions can be and are intended to be removed, leaving behind a mark identical to Plaintiff's CC Monogram.

4.      Plaintiff asserts claims against Defendants for trademark infringement under §32(1) of the Lanham Act, 15 U.S.C. §1114(1); unfair competition and false designation of

origin under §43(a) of the Lanham Act, 15 U.S.C. §1125(a); cancellation of Teng Da's U.S.

Registration No. 3,235,192 for Defendants' Design under Sections 2(d) and 37 of the Lanham

Act, 15 U.S.C. §§ 1052(d), 1119; trademark infringement and unfair competition under New

York state and common law and; deceptive trade practices under Section 349 of the New York

General Business Law.

5.    Plaintiff seeks injunctive relief to prevent the sale, shipment and further

dissemination of Defendants' infringing products, including any products bearing Plaintiff's CC

Monogram, any marks or designs confusingly similar to Plaintiff's CC Monogram, or any other

marks, shapes or designs that are designed so that a portion can be removed to reveal an

underlying CC Monogram or other mark confusingly similar thereto, including, but not limited

to, Defendants' Design.  Plaintiff further seeks an accounting of any profits of Defendants

flowing from their use of such marks, treble damages, recovery of its attorneys' fees, any other

relief authorized by the Lanham Act and applicable state law and such other relief as the Court

deems just and proper.

PARTIES

6.    Plaintiff Chanel, Inc. ("Chanel" or "Plaintiff") is a corporation organized and

existing under the laws of the State of New York with a principal place of business at 9 West

57th Street, New York, New York 10019.  Chanel is a premier purveyor of a wide variety of

consumer products, and a recognized leader in the field of luxury and high quality fashion,

accessories, handbags, leather goods, fragrance and beauty products and other items.  Among the

trademarks used by Chanel to identify its goods is the CC Monogram.

7.    On information and belief, defendant Teng Da Trading Inc. is or was a New York

company with a place of business at 140 West 29th Street, New York, New York 10001.  On

information and belief, Teng Da Trading Inc. has engaged and/or continues to engage in the importation, distribution, promotion and sale of handbags, wallets and other leather goods that bear Defendants' Design in, to and from this judicial district. Plaintiff is informed that Teng Da Trading Inc. has been purchased by defendant Teng Da Trading USA, Inc.

8.    On information and belief, defendant Teng Da Trading USA Inc. is a New York company with a place of business at 140 West 29th Street, New York, New York 10001. On information and belief, Teng Da Trading USA Inc. imports, distributes, promotes and sells handbags, wallets and other leather goods that bear Defendant's Design in, to and from this judicial district. On further information and belief, Teng Da Trading USA Inc. is the successor-in-interest to Teng Da Trading Inc.

9.    On information and belief, Xiang Yuan Fan, a/k/a/ Shawn Fan ("Fan"), the President and General Manager of Teng Da Trading, Inc. and Teng Da Trading USA, Inc. (collectively, "Teng Da"), controls the business of defendant Teng Da, including Teng Da's infringing activities alleged herein. On information and belief, Fan has a place of business at 140 West 29th Street, New York, New York 10001.

10.    On information and belief, John Does 1 through 10 are individuals or entities residing in or otherwise continuously and systematically conducting and transacting business in this district and are engaged in the manufacturing, importation, distribution, offering for sale and/or sale of products bearing Defendants' Design and in doing so are infringing on the exclusive rights of Chanel in and to its CC Monogram. Upon learning of the specific identity of said defendants, Chanel shall move to substitute the named parties for the John Does.

<u>JURISDICTION AND VENUE</u>

11.    This Court has jurisdiction over the subject matter of this action pursuant to

Section 39 of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1121 and under

Sections 1331, 1338(a) and 1338(b) of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a) and

1338(b). The Court has supplemental jurisdiction over the state law claims under Section

1367(a) of the Judicial Code, 28 U.S.C. §§ 1367(a).

12.     This Court has personal jurisdiction over Defendants because Defendants

continuously and systematically conduct, transact and solicit business in this district and

Defendants are located in this district.

13.     Venue is proper in this district pursuant to Sections 1391(b) and (c) of the Judicial

Code, 28 U.S.C. § 1391(b) and (c) because Defendants are subject to personal jurisdiction in this

district due to their transacting of business herein, because Defendants have substantial contacts

with this district and because a substantial portion of the events at issue have arisen and will arise

in this judicial district and Plaintiff is suffering harm in this judicial district.

FACTS COMMON TO ALL<br>CLAIMS FOR RELIEF

B.     Chanel's Business and the CC Monogram

14.     For more than eighty years, Chanel has been using the CC Monogram which has

become among the most famous and respected logos in the world, is synonymous with Chanel

and serves to designate exclusively Chanel's goods.

15.     Chanel's handbags, wallets and other leather goods bearing or sold under the CC

Monogram have been distributed in interstate commerce throughout the United States, including

in this judicial district, for years. Chanel's products bearing the CC Monogram are sold in

numerous free-standing boutiques in the U.S. and in more than 700 department store outlets in

the U.S. Chanel's sales of handbags, wallets and leather goods bearing or sold under the CC

Monogram are in the hundreds of millions of dollars annually. Chanel's handbags, wallets and

other leather products are renowned for their high quality and are identified and recognized by the frequent and prominent use of the CC Monogram.

16.    In addition to appearing on Chanel's products, the CC Monogram also is used on collateral packaging including labels, stickers and tags. The CC Monogram also is prominently featured in advertisements that appear in nationally distributed magazines and newspapers including, for example, <u>Vogue</u>, <u>Harper's Bazaar</u>, <u>W</u>, <u>Elle</u>, <u>In Style</u> and <u>The New York Times</u>. Chanel spends millions of dollars annually on advertising featuring the CC Monogram. In addition to Chanel's own advertising efforts, products bearing the CC Monogram are frequently the subject of fashion editorials. This coverage reaches hundreds of millions of consumers.

17.    As a result of the extensive advertising of Chanel's products under the CC Monogram, the widespread sale of Chanel products bearing the CC Monogram in boutiques and department stores throughout the United States, and the celebrity that Chanel and the CC Monogram have achieved, handbags and other products utilizing and/or bearing the CC Monogram have been and are now recognized by consumers of all ages and demographics and the trade as originating from a single source, Chanel. Indeed, Chanel consistently ranks among the top brands in the fashion industry.

18.    Chanel is the owner of all rights in and to the following registrations for the CC Monogram and marks including the CC Monogram in connection with handbags and other leather goods:

| MARK | REG. NO. | REG. DATE | FIRST USE DATE | CLASS 18 GOODS |
| --- | --- | --- | --- | --- |
| CC and Design | 1,314,511 | Jan.15, 1985 | Sept. 1981 | Leather goods, namely handbags |

| CC and Design | 1,734,822 | Nov. 24, 1992 | 1954 | Leather goods, namely handbags, wallets, travel bags, luggage, business card cases, change purses, tote bags and cosmetic bags sold empty |
|---|---|---|---|---|
| CC and Design | 3,022,708 | Dec. 6, 2005 | July 1, 2003 | Luggage, handbags, totes, backpacks, travel bags, all-purpose carrying bags and umbrellas |
| CC and Design | 3,025,934 | Dec. 13, 2005 | June 1, 2004 | Handbags |

(the "CC Registrations"). Printouts from the U.S. Patent and Trademark Office database reflecting the CC Registrations are attached hereto as Exhibit A.

19.    All of the CC Registrations are valid, subsisting, and in full force and effect. Moreover, Registration Nos. 1,314,511 and 1,734,822 are incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. §1065, and serve as conclusive evidence of Chanel's ownership of the marks and of its exclusive right to use the mark in commerce on or in connection with all of the goods identified in the registrations, as provided by Section 33(b) of the Lanham Act, 15 U.S.C. §1115(b).

20.    Because of Chanel's exclusive and extensive use of the CC Monogram, the CC Monogram has acquired enormous value and has become extremely well known to the consuming public and trade as identifying and distinguishing Chanel exclusively and uniquely as the source of products available under the CC Monogram. Due to the worldwide public acceptance, overwhelming fame and great recognition of products bearing or sold under the CC Monogram, the marks have come to represent an enormous goodwill of Plaintiff and have caused merchandise bearing the marks -- even unauthorized goods -- to be in great demand.

Case 1:07-cv-11113-NRB    Document 9    Filed 05/08/2008    Page 8 of 36

21.    The CC Monogram is vital to Chanel, and Chanel will suffer irreparable harm if any third parties, including Defendants herein, are allowed to trade off Chanel's reputation and goodwill by selling goods bearing confusingly similar trademarks.

C.    Defendants' Infringing Conduct

22.    Chanel is informed and believes and on that basis alleges that Defendants are actively and knowingly engaged in the design, manufacture, importation, distribution, promotion and sale of handbags and wallets that bear Defendants' Design (the "Infringing Products"). Teng Da Trading Inc. obtained U.S. Registration No. 3,235,192 for Defendants' Design and has assigned said registration to Teng Da Trading USA Inc.. On information and belief, Teng Da obtained and maintains U.S. Registration No. 3,235,192 in bad faith and without disclosing its intention that Defendants' Design be modified to be identical to Plaintiff's CC Monogram. Defendants' conduct alleged in this Paragraph shall hereinafter be referred to as the "Infringing Activities."

23.    On information and belief, Defendants' Design is embroidered onto the Infringing Products in such a way that they can be easily modified by Defendants or their customers so as to create a mark identical to Plaintiff's CC Monogram. To ensure ease of modification, the "v" portions of Defendants' Design are not fully stitched down to the products, and can be cut from Defendants' Design to reveal the CC Monogram.

24.    On information and belief, Defendants intentionally adopted Defendants' Design as a way to allow them to trade on and infringe the CC Monogram and to create counterfeit goods while at the same time avoiding detection and seizure by U.S. Customs.

25.    On information and belief, Defendants sell the Infringing Products to consumers, but the bulk of Defendants' business is to wholesalers and resellers, who in turn sell the

{F0280180.1 }

Infringing Products to other resellers or directly to consumers. On information and belief, it is widely understood by Defendants' customers (and others in the counterfeiting community) that Defendants' Design is intended to be cut in order to convert it to Plaintiff's CC Monogram and to benefit from the goodwill of Plaintiff's CC Monogram. On information and belief, when the Infringing Products are sold at the retail level, the products have been modified to be counterfeit Chanel goods (i.e., Defendants' Design has been cut to appear identical to Plaintiff's CC Monogram) or the retail sellers advise customers that the products can be so modified.

26.    On information and belief, Defendants are well aware that their customers (and other sellers of the Infringing Products in the chain of distribution) modify Defendants' Design on the Infringing Products and resell the goods as counterfeit Chanel goods or for the purpose of creating counterfeit Chanel goods, and with such knowledge Defendants continue to sell the Infringing Products bearing Defendant's Design to customers so as to facilitate such counterfeiting activities. On further information and belief, for those customers unaware of the purpose of Defendants' Design, Defendants advise their customers that Defendants' Design is "cuttable" to "look like a Chanel bag" and further provide instructions on how to cut off the "v" portions of Defendants' Design to reveal the CC Monogram. Defendants' conduct alleged in this Paragraph shall hereinafter be referred to as the "Contributory Infringing Activities." Attached as Exhibit B is a true and correct photograph of a handbag sold by one of Defendants' customers after alteration.

27.    Defendants are not licensed by Chanel to use the CC Monogram, and have never been authorized by Chanel, or any authorized agent of Chanel, to use the CC Monogram.

28.    On information and belief, Defendants' Infringing Activities and Contributory Infringing Activities began long after Chanel's adoption and use of CC Monogram on a diverse

range of goods, including handbags, wallets and other leather goods, and after Chanel obtained

the trademark registrations alleged above. Indeed, Defendants' Infringing Activities and

Contributory Infringing Activities were done for the specific and intentional purpose of trading

on Chanel's rights and the recognition and fame of the CC Monogram. By their wrongful

conduct, Defendants have traded upon and diminished Chanel's goodwill in its CC Monogram,

goodwill which has been created through Chanel's decades of continuous use of the CC

Monogram in connection with high-quality handbags, wallets and other merchandise.

29.    Defendants' conduct is in willful disregard of Chanel's trademark rights and have

confused and deceived, threaten to confuse and deceive, and are intended to confuse and deceive

the consuming public and the public at large concerning the source and sponsorship of the

Infringing Products. On information and belief, Defendants are engaging in the Infringing

Activities and Contributory Infringing Activities in order to compete with and otherwise benefit

from the recognition and goodwill of the CC Monogram and from the desirability of products

bearing CC Monogram. Defendants' willfulness and bad faith is amply evidenced by their

design and manufacture of the Infringing Products in such a way that portions can be, are

intended to be and have been removed by Defendants and their customers to reveal the CC

Monogram, as well as by their explanation to customers that Defendants' Design may be

modified in such a way. As such, Defendants' Infringing Activities and Contributory Infringing

Activities appear to be precisely calculated to divert Chanel's customers and to otherwise

commercially benefit from Chanel's fame and goodwill.

30.    Defendants' Infringing Activities and Contributory Infringing Activities are likely

to injure Chanel's goodwill and reputation and unfairly and unlawfully wrest from Chanel

control over its trademark and reputation. Chanel has no control over the quality of Defendants'

products, which are inferior to the products Chanel sells sell under the CC Monogram. As a result, Chanel's extremely valuable reputation may be permanently damaged. If Defendants' conduct is not enjoined, it will greatly injure the value of the CC Monogram to Chanel and the ability of the CC Monogram to indicate goods emanating exclusively from Chanel.

31.    Defendants' Infringing Activities and Contributory Infringing Activities have caused and will continue to cause irreparable damage to the business and goodwill of Chanel unless permanently restrained by this Court.

32.    Chanel has no adequate remedy at law.

### FIRST CLAIM FOR RELIEF – AGAINST ALL DEFENDANTS
### TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1))

33.    Plaintiff repeats and realleges paragraphs 1 through 32 above as if fully set forth herein.

34.    Defendants' Infringing Activities are likely to cause confusion, or to cause mistake or to deceive Defendants' customers or potential consumers and the public as to the source or sponsorship of Defendants' goods. Consumers are likely to be misled into believing that Defendants' Infringing Products were manufactured by, licensed by, sponsored by or otherwise approved by Plaintiff. Such confusion is inevitable here where Defendants are using a mark that is confusingly similar to Plaintiff's CC Monogram and that can be, is intended to be and has been modified by Defendants and their customers to be identical to the CC Monogram in connection with handbags and wallets, the very goods on which Plaintiff uses the CC Monogram and for which Plaintiff has registrations for the CC Monogram.

35.    On information and belief, Defendants were on both actual and constructive notice of Plaintiff's exclusive rights in the CC Monogram, which is registered and incontestable, and adopted Defendants' Design to trade on Plaintiff's rights in the CC Monogram. Defendants'

{F0280180.1 }

use of Defendants' Design is willful, in bad faith, and with full knowledge of Plaintiff's prior use

of, exclusive rights in and ownership of the CC Monogram, with full knowledge of the goodwill

and reputation associated with the CC Monogram, and with full knowledge that Defendants have

no right, license or authority to use the CC Monogram, Defendants' Design or any other mark

confusingly similar to the CC Monogram.

36.    Defendants' acts are intended to reap the benefit of the goodwill that Plaintiff has

created in its mark and constitute infringement of Plaintiff's federally registered trademark in

violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

37.    Defendants' conduct has caused and is causing immediate and irreparable injury

to Plaintiff and will continue to both damage Plaintiff and deceive the public unless enjoined by

this Court.  Plaintiff has no adequate remedy at law.

### SECOND CLAIM FOR RELIEF – AGAINST ALL DEFENDANTS CONTRIBUTORY TRADEMARK INFRINGEMENT / COUNTERFEITING (15 U.S.C. § 1114(1))

38.    Plaintiff repeats and realleges paragraphs 1 through 37 above as if fully set forth

herein.

39.    Defendants provide to their customers the means of creating counterfeit or

infringing goods by selling handbags and other items bearing Defendants' Design which design

is intended to be modified into Plaintiff's CC Monogram.

40.    Defendants facilitate the sale of counterfeit products by ensuring that Defendants'

Design can be easily altered and converted to Plaintiff's CC Monogram.

41.    Defendants facilitate the sale of counterfeit goods by advising their customers of

the ability to covert Defendants' Design into Plaintiff's CC Monogram.

42.    It is common knowledge that Defendants' Design can be and is modified to create

the CC Monogram. Defendants are aware that their customers can and do alter Defendants'

Design to create the CC Monogram and, with such knowledge, Defendants continue to sell the

Infringing Goods to these customers.

43.     By Defendants' customers' (and their customers') modification of Defendant's

Design on the Infringing Goods to create counterfeit Chanel goods, by their sale of such goods to

consumers, and by advising their own customers that Defendant's Design can be modified to

create counterfeit Chanel goods, Defendants' customers are likely to cause confusion, or to cause

mistake or to deceive consumers as to the source or sponsorship of the Infringing Products.

Consumers are likely to be misled into believing that the Infringing Products were manufactured

by, licensed by, sponsored by or otherwise approved by Plaintiff. Such confusion is inevitable

where the Infringing Products, the very goods on which Plaintiff uses the CC Monogram and for

which Plaintiff has registrations for the CC Monogram, bear a mark that is identical to Plaintiff's

CC Monogram. Such activities of Defendants' customers (and their customers) constitute

counterfeiting and infringement of Plaintiff's federally registered trademark in violation of

Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

44.     By engaging in the Contributory Infringing Activities, Defendants intend to reap

the benefit of the goodwill that Plaintiff has created in its mark. Such conduct by Defendants

facilitates the counterfeiting and infringement by Defendants' customers (and their customers) of

Plaintiff's federally registered trademark, and therefore, constitutes contributory counterfeiting /

infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

45.     On information and belief, Defendants were on both actual and constructive

notice of Plaintiff's exclusive rights in the CC Monogram, which is registered and incontestable,

and engage in the Contributory Infringing Activities to trade on Plaintiff's rights in the CC

Monogram. Defendants' Contributory Infringing Activities are willful, in bad faith, and with full

knowledge of Plaintiff's prior use of, exclusive rights in and ownership of the CC Monogram,

with full knowledge of the goodwill and reputation associated with the CC Monogram, and with

full knowledge that Defendants have no right, license or authority to use the CC Monogram,

Defendants' Design or any other mark confusingly similar to the CC Monogram.

46.    Defendants' conduct has caused and is causing immediate and irreparable injury

to Plaintiff and will continue to both damage Plaintiff and deceive the public unless enjoined by

this Court. Plaintiff has no adequate remedy at law.

THIRD CLAIM FOR RELIEF – AGAINST ALL DEFENDANTS
FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a))

47.    Plaintiffs repeat and reallege paragraphs 1 through 46 above as if fully set forth

herein.

48.    Defendants' use of a mark that is confusingly similar to Plaintiff's CC Monogram

and that can be and is intended to be modified in such a way to become identical to Plaintiff's

CC Monogram on goods that are identical to the type of goods provided by Plaintiff under the

CC Monogram constitute false designation of origin and false representation with respect to the

origin of Defendants' goods. Defendants' use of Defendants' Design is likely to cause

confusion, mistake, or deception as to the source of Defendants' goods and is likely to create the

false impression that Defendants are affiliated with Plaintiff or that their goods are authorized,

sponsored, endorsed, licensed by, or affiliated with Plaintiff. Defendants' actions constitute

unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

49.    Defendants' conduct has caused and is causing immediate and irreparable injury

to Plaintiffs and will continue both to damage Plaintiff and deceive the public unless enjoined by

this Court. Plaintiff has no adequate remedy at law.

FOURTH CLAIM FOR RELIEF – AGAINST DEFENDANT TENG DA TRADING
USA INC. FOR CANCELLATION OF TRADEMARK REGISTRATION
(15 U.S.C. §§ 1052(d), 1119)

50.     Paragraphs 1-49 above are realleged and incorporated by reference as if set forth
in full.

51.     Defendant Teng Da Trading Inc. applied for registration of and obtained U.S.
Registration No. 3,235,192 for Defendants' Design in connection with "handbags," long after
Plaintiff commenced use of the CC Monogram in commerce in the United States in connection
with handbags and related products.  On information and belief, Teng Da applied for and
obtained a registration of Defendants' Design mark with full knowledge of the continuous, prior
use of this trademark by Plaintiff.

52.     On information and belief, Defendant Teng Da Trading Inc. assigned Registration
No. 3,235,192 to defendant Teng Da Trading USA Inc.

53.     Continued registration of Defendants' Design by Teng Da Trading USA Inc. is
likely to cause confusion, cause mistake or to deceive the public into the belief that the goods
offered by Teng Da Trading USA Inc.  under Defendants' Design come from or are otherwise
authorized or sponsored by Plaintiff in violation of Section 2(d) of the Lanham Act, 15 U.S.C. §
1052(d).

54.     Teng Da Trading USA Inc. 's continued registration of Defendants' Design is in
violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

55.     Pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119, this Court should
direct that U.S. Registration Number 3,235,192 be cancelled.

{F0280180.1 }

15

FIFTH CLAIM FOR RELIEF – AGAINST ALL DEFENDANTS
FOR TRADEMARK INFRINGEMENT AND
UNFAIR COMPETITION UNDER NEW YORK COMMON LAW

56.    Plaintiff repeats and realleges paragraphs 1 through 55 above as if fully set forth herein.

57.    Defendants have used Defendant's Design with full knowledge of Plaintiff's prior rights in the CC Monogram and of the fame and success of Plaintiff's products sold under and bearing the CC Monogram. Defendants' use of the Defendants' Design, which is confusingly similar to the CC Monogram, and which can be, is intended to be and has been modified by Defendants and their customers to be identical to the CC Monogram, is for the willful and calculated purpose of misappropriating and trading on Plaintiff's goodwill and business reputation. Furthermore, Defendants have engaged in the Infringing Activities for the willful and calculated purpose of causing confusion and mistake among the public and the trade and of deceiving the public and trade as to the nature and origin of Defendants' products in violation of Plaintiff's rights under the common law of the state of New York.

58.    Defendants were on notice of Plaintiff's exclusive rights in the CC Monogram before engaging in the Infringing Activities. Defendants' Infringing Activities are willful, in bad faith and with full knowledge of Plaintiff's prior use of, exclusive rights in and ownership of the CC Monogram, with full knowledge of the reputation and goodwill associated with the CC Monogram and with full knowledge that Defendants have no right, license or authority to use marks confusingly similar to the CC Monogram. By engaging in the Infringing Activities, Defendants have been unjustly enriched and Plaintiff has been damaged.

59.    The aforesaid conduct of Defendants constitutes common law trademark infringement and unfair competition under the laws of the State of New York.

60.    Defendants' conduct has caused and is causing immediate and irreparable injury to Plaintiff and will continue to both damage Plaintiff and deceive the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

SIXTH CLAIM FOR RELIEF – AGAINST ALL DEFENDANTS
DECEPTIVE TRADE PRACTICES
(N.Y. Gen. Bus. Law § 349)

61.    Plaintiffs repeat and reallege paragraphs 1 through 60 above as if fully set forth herein.

62.    The public is likely to be damaged as a result of the acts set forth above, and by reason of those acts, Defendants have engaged and are engaging in deceptive trade practices or acts in the conduct of a business, trade or commerce in violation of Section 349 of the New York General Business Law.

WHEREFORE, Plaintiff respectfully demands judgment as follows:

1)    That a permanent injunction be issued enjoining Defendants, and any of their respective officers, agents, privies, shareholders, principals, directors, licensees, attorneys, servants, employees, affiliates, subsidiaries, successors and assigns, and all those persons in concert or participation with any of them, and any entity owned or controlled in whole or in part by any of the Defendants, from:

(a)    Using (i) the Defendants' Design, (ii) any mark, symbol or design that is designed or manufactured so that a portion can be removed to create the CC Monogram or any simulation, reproduction, copy, colorable imitation or confusingly similar variation of the CC Monogram Mark, (iii) the CC Monogram or (iv) any simulation, reproduction, copy, colorable imitation or confusingly similar variation of the CC Monogram ("Prohibited Marks") in or as

part of a design, logo, domain name or trademark or otherwise using such a

mark on any products or in connection with the importation, promotion,

advertisement, sale, offering for sale, manufacture, production or distribution of

any business, product or service;

(b) processing, packaging and transporting any product bearing any of the

Prohibited Marks;

(c) using any false designation of origin or false description (including, without

limitation, any letters or symbols), or performing any act, which can, or is

likely to, lead members of the trade or public to believe that Defendants are

associated with Plaintiff or that any product imported, manufactured,

distributed, or sold by Defendants is in any manner associated or connected

with Plaintiff, or is authorized, licensed, sponsored or otherwise approved by

Plaintiffs;

(d) purchasing any of the Prohibited Marks in connection with any sponsored

advertising on the Internet or using any of the Prohibited Marks in any source

code or otherwise using the Prohibited Marks such that a search for Plaintiff

on the Internet will cause any domain name or website of Defendants to

appear in search results;

(e) using or registering any of the Prohibited Marks as part of any domain name,

regardless of cctld or gtld;

(f) engaging in any other activity constituting unfair competition with Plaintiff, or

constituting an infringement of the CC Monogram;

(g) applying to register or registering in the United States Patent and Trademark

Office or in any state trademark registry any mark consisting in whole or in

part of any of the Prohibited Marks;

(h) assisting, aiding or abetting any other person or business entity in engaging in

or performing any of the activities referred to in subparagraphs (a) through (g)

above.

2)  Directing that Teng Da's U.S. Trademark Registration No. 3,235,192 be cancelled

and that any recordals based thereon, including any recordals with the U.S. Customs Office, be

cancelled;

3)  Directing that Defendants, at their own expense, be directed to recall any and all

Infringing Products from any distributors, retailers, vendors or others to whom it has distributed

or sold the Infringing Products;

4)  Directing that Defendants deliver up to Plaintiff's attorney for destruction all goods,

labels, tags, signs, stationery, prints, packages, promotional and marketing materials,

advertisements and other materials (a) currently in its possession or under their control or (b)

recalled by Defendants pursuant to any order of the Court or otherwise, incorporating, featuring

or bearing any of the Prohibited Marks and all plates, molds, matrices and other means of

making the same.

5)  Directing that Defendants make all books, records (including all hard drives on

computers used for business purposes, including servers, as well as all computer disks and back

up disks) and other documents concerning all transactions relating to the Infringing Products

available to Plaintiff for review, inspection and copying, and provide Plaintiff the names,

addresses and all other contact information in its possession (e.g., telephone numbers, fax

numbers) for the source of the Infringing Products, including all manufacturers, distributors

and/or suppliers.

6)  Directing such other relief as the Court may deem appropriate to (a) prevent the public from deriving the erroneous impression that any product manufactured, sold or otherwise circulated or promoted by Defendants within the United States is authorized by Plaintiff or related in any way to Plaintiff or that Defendants are otherwise affiliated with Plaintiff.

7)  Directing that Defendants file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of judgment a report in writing under oath, setting forth in detail the manner and form in which they have complied with the above.

8)  Awarding Plaintiffs their actual damages, trebled pursuant to 15 U.S.C. § 1117(a), or, if Plaintiffs elect, statutory damages as the Court considers just, up to $1,000,000 per counterfeit mark per type of goods sold, offered for sale, or distributed, pursuant to 15 U.S.C. § 1117(c), arising out of defendant's acts of willful trademark infringement, contributory infringement and unfair competition.

9)  Requiring defendant to account for and pay over to plaintiffs three times the profits realized by Defendants from their infringement of the CC Monogram and their unfair competition with Plaintiff.

10) Awarding to Plaintiff exemplary and punitive damages to deter any further willful infringement as the Court finds appropriate.

11) Awarding to Plaintiff its costs and disbursements incurred in this action, including reasonable attorneys' fees pursuant to 15 U.S.C. §1117(a).

12) Awarding to Plaintiff interest, including pre-judgment interest on the foregoing sums.

{F0280180.1 }

13) Awarding to **Plaintiff such other** and further relief as the Court may deem just and proper.

Dated:  New York, New York
       May 8, 2008

FROSS ZELNICK LEHRMAN & ZISSU, P.C.


By:_____
   Barbara A. Solomon (BAS 8845)
Michael Chiappetta (MC 7644)
866 United Nations Plaza
New York, New York  10017
Tel:  (212) 813-5900

Attorneys for Plaintiff Chanel, Inc.

# **EXHIBIT A**

**Thank you for your request. Here are the latest results from the TARR web server.**

**This page was generated by the TARR system on** 2007-12-05 10:25:28 ET

**Serial Number:** 73356733 Assignment Information          Trademark Document Retrieval

**Registration Number:** 1314511

**Mark**



**(words only):** CC

**Standard Character claim:** No

**Current Status:** This registration has been renewed.

**Date of Status:** 2005-02-25

**Filing Date:** 1982-03-26

**Transformed into a National Application:** No

**Registration Date:** 1985-01-15

**Register:** Principal

**Law Office Assigned:** (NOT AVAILABLE)

**If you are the applicant or applicant's attorney and have questions about this file, please contact the Trademark Assistance Center at** TrademarkAssistanceCenter@uspto.gov

**Current Location:** 834 -Post Registration

**Date In Location:** 2005-02-25

---

### LAST APPLICANT(S)/OWNER(S) OF RECORD

1. Chanel, Inc.

**Address:**
Chanel, Inc.
9 West 57th Street

New York, NY 10019
United States
**Legal Entity Type:** Corporation
**State or Country of Incorporation:** New York

---

## GOODS AND/OR SERVICES

**International Class:** 016
**Class Status:** Section 8 - Cancelled
**Basis:** 1(a)
**First Use Date:** 1981-09-00
**First Use in Commerce Date:** 1981-09-00

**International Class:** 018
**Class Status:** Active
Leather Goods-Namely, Handbags
**Basis:** 1(a)
**First Use Date:** 1954-11-24
**First Use in Commerce Date:** 1954-11-24

---

## ADDITIONAL INFORMATION

**Prior Registration Number(s):**
1075016

---

## MADRID PROTOCOL INFORMATION

(NOT AVAILABLE)

---

## PROSECUTION HISTORY

**NOTE: To view any document referenced below, click on the link to "Trademark Document Retrieval" shown near the top of this page.**

2007-09-07 - Notice Of Suit

2007-07-10 - Notice Of Suit

2007-07-02 - Notice Of Suit

2005-02-25 - First renewal 10 year

2005-02-25 - Section 8 (10-year) accepted/ Section 9 granted

2004-12-27 - Combined Section 8 (10-year)/Section 9 filed

2004-12-27 - PAPER RECEIVED

1991-05-06 - Partial Section 8 (6-year) accepted & Section 15 acknowledged

1991-01-15 - Section 8 (6-year) and Section 15 Filed

1985-01-15 - Registered - Principal Register

1984-11-06 - Published for opposition

1984-10-19 - Notice of publication

1984-06-19 - Approved for Pub - Principal Register (Initial exam)

1984-04-30 - Communication received from applicant

1984-01-18 - Final refusal mailed

1983-09-16 - Communication received from applicant

1983-03-15 - Non-final action mailed

1983-03-01 - Assigned To Examiner

## ATTORNEY/CORRESPONDENT INFORMATION

**Attorney of Record**
VERONICA L. HRDY

**Correspondent**
VERONICA L. HRDY
CHANEL, INC.
9 WEST 57TH STREET
NEW YORK NY 10019

**Thank you for your request. Here are the latest results from the <u>TARR web server.</u>**

**This page was generated by the TARR system on** 2007-12-05 10:25:41 ET

**Serial Number:** 74242471 <u>Assignment Information</u>        <u>Trademark Document Retrieval</u>

**Registration Number:** 1734822

**Mark**



**(words only):** CC

**Standard Character claim:** No

**Current Status:** This registration has been renewed.

**Date of Status:** 2002-06-07

**Filing Date:** 1992-01-31

**Transformed into a National Application:** No

**Registration Date:** 1992-11-24

**Register:** Principal

**Law Office Assigned:** LAW OFFICE 15

**If you are the applicant or applicant's attorney and have questions about this file, please contact the Trademark Assistance Center at <u>TrademarkAssistanceCenter@uspto.gov</u>**

**Current Location:** 900 -File Repository (Franconia)

**Date In Location:** 2002-06-11

---

## LAST APPLICANT(S)/OWNER(S) OF RECORD

1. Chanel, Inc.

**Address:**
Chanel, Inc.
9 West 57th Street

New York, NY 10019
United States
**Legal Entity Type:** Corporation
**State or Country of Incorporation:** New York

## GOODS AND/OR SERVICES

**International Class:** 018
**Class Status:** Active
leather goods; namely, handbags, wallets, travel bags, luggage, business card cases, change purses, tote
bags, and cosmetic bags sold empty
**Basis:** 1(a)
**First Use Date:** 1954-00-00
**First Use in Commerce Date:** 1954-00-00

## ADDITIONAL INFORMATION

**Prior Registration Number(s):**
1293298
1314511

## MADRID PROTOCOL INFORMATION

(NOT AVAILABLE)

## PROSECUTION HISTORY

**NOTE: To view any document referenced below, click on the link to "Trademark Document
Retrieval" shown near the top of this page.**

2007-09-07 - Notice Of Suit

2007-07-10 - Notice Of Suit

2007-07-02 - Notice Of Suit

2002-06-07 - First renewal 10 year

2002-06-07 - Section 8 (10-year) accepted/ Section 9 granted

2002-04-03 - Combined Section 8 (10-year)/Section 9 filed

2002-04-03 - Combined Section 8 (10-year)/Section 9 filed

2002-04-03 - PAPER RECEIVED

1999-04-09 - Section 8 (6-year) accepted & Section 15 acknowledged

1998-11-20 - Section 8 (6-year) and Section 15 Filed

1992-11-24 - Registered - Principal Register

1992-09-01 - Published for opposition

1992-07-31 - Notice of publication

1992-06-13 - Approved for Pub - Principal Register (Initial exam)

1992-06-05 - Examiner's amendment mailed

1992-04-04 - Assigned To Examiner

## ATTORNEY/CORRESPONDENT INFORMATION

**Attorney of Record**
Veronica L. Hrdy

**Correspondent**
Veronica L. Hrdy
Chanel, Inc.
9 West 57th Street
New York, NY 10019

Thank you for your request. Here are the latest results from the TARR web server.

This page was generated by the TARR system on 2007-12-05 10:25:51 ET

**Serial Number:** 76615088 Assignment Information        Trademark Document Retrieval

**Registration Number:** 3022708

**Mark**



**(words only):** CC

**Standard Character claim:** No

**Current Status:** Registered.

**Date of Status:** 2005-12-06

**Filing Date:** 2004-10-08

**Transformed into a National Application:** No

**Registration Date:** 2005-12-06

**Register:** Principal

**Law Office Assigned:** LAW OFFICE 112

**If you are the applicant or applicant's attorney and have questions about this file, please contact the Trademark Assistance Center at TrademarkAssistanceCenter@uspto.gov**

**Current Location:** 650 -Publication And Issue Section

**Date In Location:** 2005-12-06

---

## LAST APPLICANT(S)/OWNER(S) OF RECORD

1. Chanel, Inc.

**Address:**
Chanel, Inc.
9 West 57th Street

New York, NY 10019
United States
**Legal Entity Type:** Corporation
**State or Country of Incorporation:** New York
**Phone Number:** (212) 688-5055

---

## GOODS AND/OR SERVICES

**International Class:** 006
**Class Status:** Active
Key Chains
**Basis:** 1(a)
**First Use Date:** 2004-09-01
**First Use in Commerce Date:** 2004-09-01

**International Class:** 009
**Class Status:** Active
Ski Goggles, sunglasses
**Basis:** 1(a)
**First Use Date:** 2004-07-01
**First Use in Commerce Date:** 2004-07-01

**International Class:** 018
**Class Status:** Active
Luggage, handbags, totes, backpacks, travel bags, all-purpose carrying bags, umbrellas
**Basis:** 1(a)
**First Use Date:** 2003-07-01
**First Use in Commerce Date:** 2003-07-01

**International Class:** 025
**Class Status:** Active
Boots, coats, jackets, gloves, hats, pants, sandals, scarves, shirts, shoes, ski boots, sun visors, suspenders, sweatbands, swimwear
**Basis:** 1(a)
**First Use Date:** 2003-07-01
**First Use in Commerce Date:** 2003-07-01

**International Class:** 028
**Class Status:** Active
Bags specially adopted for sports equipment, basketballs, kites, skis, ski polls, tennis rackets, tennis balls, tennis racket covers, golf clubs, golf bags, snow boards
**Basis:** 1(a)
**First Use Date:** 2003-07-01
**First Use in Commerce Date:** 2003-07-01

---

## ADDITIONAL INFORMATION

**Description of Mark:** The mark is compromised of interlocking C's surrounded by a square

**Design Search Code(s):**
**26.09.01** - Squares as carriers or squares as single or multiple line borders

**Prior Registration Number(s):**
195359
1734822

## MADRID PROTOCOL INFORMATION

(NOT AVAILABLE)

## PROSECUTION HISTORY

**NOTE: To view any document referenced below, click on the link to "Trademark Document Retrieval" shown near the top of this page.**

2007-07-10 - Notice Of Suit

2007-07-02 - Notice Of Suit

2005-12-06 - Registered - Principal Register

2005-09-13 - Published for opposition

2005-08-24 - Notice of publication

2005-05-23 - Law Office Publication Review Completed

2005-05-23 - Assigned To LIE

2005-05-12 - Approved for Pub - Principal Register (Initial exam)

2005-05-12 - Assigned To Examiner

2004-10-21 - New Application Entered In Tram

## ATTORNEY/CORRESPONDENT INFORMATION

**Attorney of Record**
Veronica L. Hrdy

**Correspondent**
VERONICA L. HRDY
CHANEL, INC.
9 WEST 57TH STREET
NEW YORK, NY, 10019
Phone Number: (212) 688-5055

**Thank you for your request. Here are the latest results from the <u>TARR web server.</u>**

**This page was generated by the TARR system on 2007-12-05 10:26:02 ET**

**Serial Number:** 76615089 <u>Assignment Information</u>          <u>Trademark Document Retrieval</u>

**Registration Number:** 3025934

**Mark**



**(words only):** CC

**Standard Character claim:** No

**Current Status:** Registered.

**Date of Status:** 2005-12-13

**Filing Date:** 2004-10-08

**Transformed into a National Application:** No

**Registration Date:** 2005-12-13

**Register:** Principal

**Law Office Assigned:** LAW OFFICE 112

**If you are the applicant or applicant's attorney and have questions about this file, please contact the Trademark Assistance Center at <u>TrademarkAssistanceCenter@uspto.gov</u>**

**Current Location:** 650 -Publication And Issue Section

**Date In Location:** 2005-12-13

---

## LAST APPLICANT(S)/OWNER(S) OF RECORD

1. Chanel, Inc.

**Address:**
Chanel, Inc.
9 West 57th Street

New York, NY 10019
United States
**Legal Entity Type:** Corporation
**State or Country of Incorporation:** New York
**Phone Number:** (212) 688-5055

## GOODS AND/OR SERVICES

**International Class:** 018
**Class Status:** Active
Handbags
**Basis:** 1(a)
**First Use Date:** 2004-06-01
**First Use in Commerce Date:** 2004-06-01

## ADDITIONAL INFORMATION

**Description of Mark:** This mark is a three-quarter view of the Chanel CC monogram which is comprised of interlocking C's.

**Design Search Code(s):**
**26.01.03** - Circles, incomplete (more than semi-circles); Incomplete circles (more than semi-circles)
**26.01.16** - Circles touching or intersecting
**27.03.01** - Geometric figures forming letters, numerals or punctuation

**Prior Registration Number(s):**
195359
1734822

## MADRID PROTOCOL INFORMATION

(NOT AVAILABLE)

## PROSECUTION HISTORY

**NOTE: To view any document referenced below, click on the link to "Trademark Document Retrieval" shown near the top of this page.**

2007-09-07 - Notice Of Suit

2007-07-10 - Notice Of Suit

2007-07-02 - Notice Of Suit

2005-12-13 - Registered - Principal Register

2005-09-20 - Published for opposition

2005-08-31 - Notice of publication

2005-05-31 - Law Office Publication Review Completed

2005-05-31 - Assigned To LIE

2005-05-14 - Approved for Pub - Principal Register (Initial exam)

2005-05-12 - Assigned To Examiner

2004-10-21 - New Application Entered In Tram

---

## ATTORNEY/CORRESPONDENT INFORMATION

**Attorney of Record**
Veronica L. Hrdy

**Correspondent**
VERONICA L.HRDY
CHANEL, INC.
9 WEST 57TH STREET
NEW YORK, NY, 10019
Phone Number: (212) 715-4811

# **EXHIBIT B**

