Buchwald, J.

Barbara A. Solomon (BAS 8845)
Michael Chiappetta (MC 7644)
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
866 United Nations Plaza
New York, NY 10017
(212) 813-5900
Attorneys for Plaintiff Chanel, Inc.

Ariana S. Cohen (AC 9043)
Eric J. Shimanoff (ES 4558)
COWAN, LIEBOWITZ & LATMAN, P.C.
1133 Avenue of the Americas
New York, NY 10036
(212) 790-9200
Attorneys for Defendants Teng Da Trading USA, Inc.
and Xiang Yuan Fan a/k/a Shawn Fan



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/15/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
CHANEL, INC.,

              Plaintiffs,

   v.

TENG DA TRADING INC, XIANG YUAN FAN
a/k/a SHAWN FAN and JOHN DOES 1-10

              Defendants.
------------------------------------x

Case No 07 Civ. 11113 (NRB)

[PROPOSED] STIPULATED
PROTECTIVE ORDER

      Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the parties to this action, through their attorneys, hereby stipulate to the following Protective Order subject to approval by the Court.

      1.    Definitions.  As used in this Protective Order, the following terms are defined as follows:

{F0352050.1}

(a) "Discovery Material" encompasses, but is not limited to, any documents, tangible items, information gained by inspection, or testimony, whether on paper or electronic media, and whether original, copied, or modified from the original (such as by notations).

(b) "Confidential Information" is Discovery Material that the producing party in good faith believes constitutes confidential information that has not been made public, is not generally known, and is used by it in, or pertaining to, its business; or personal information of any party or third person which that party would normally not reveal to third parties, or if disclosed, would require such third parties to maintain in confidence.

(c) "Confidential Information – Attorneys Only" is Discovery Material that the producing party in good faith believes constitutes confidential information concerning sensitive business, marketing, sales, manufacturing, research and development, or financial information, and any similar information.

2. <u>Designations</u>. Any information produced in this litigation, that is asserted in good faith by the producing party or third person to contain or constitute Confidential Information or Confidential Information-Attorneys Only shall be so designated by such producing party or third person, as follows:

(a) A producing party or third person, before or when supplying copies of documents and things, shall designate such copies as containing Confidential or Confidential Information-Attorneys Only by clearly and prominently marking on their face, including each designated page of a multi-page document, the legend "CONFIDENTIAL," or "CONFIDENTIAL – ATTORNEYS ONLY," or shall otherwise advise the receiving party in writing as to the confidentiality of such documents or things.

(b) If contained in a written response to a discovery request, such as an interrogatory, the information and the cover page of multi-page documents shall be designated "CONFIDENTIAL," or "CONFIDENTIAL – ATTORNEYS ONLY," or the receiving party otherwise shall be previously or coincidentally advised in writing of such confidential status, and the information may be served and filed in a separate document if desired.

(c) If such information to be treated in confidence is contained in deposition, trial or other testimony, the transcript may be designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS ONLY" in accordance with this Order by any one or more of the following means: (a) by stating orally on the record that the information is "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS ONLY" on the day the testimony is given; or (b) sending written notice to all parties designating such information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS ONLY" within fourteen (14) days of receipt of the transcript from the court reporter. During the 14-day period during which the party may make its confidentiality designations, all deposition transcripts shall be treated as being designated "Confidential-Attorneys Only." Upon being informed that certain portions of a deposition disclose confidential information, the attorneys for each party must cause each copy in their custody or control to be so marked immediately.

(d) Whenever experts, paralegals or other persons prepare discoverable documents that summarize, recite, or otherwise disclose "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS ONLY" information, the party or attorney for whom those persons performed services shall affix a "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS ONLY" legend in a conspicuous manner on each of the foregoing documents.

(e) Inadvertent failure to designate Discovery Materials as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS ONLY" at the time of production or disclosure shall not operate to waive a party's right in the confidentiality of the information if a later designation is made. After a later designation of confidentiality is made, the information shall be treated consistent with the designation from that day forward. However, no party that receives documents or information that fails to contain such a designation shall suffer any sanction for any good-faith disclosure of such document or information before the producing party makes the confidentiality designation.

(f) Because Defendants have produced documents designated "ATTORNEY'S EYES ONLY" prior to the execution and entry of the Order, such documents so designated, and any further documents so designated, shall be deemed to carry the designation "CONFIDENTIAL – ATTORNEYS ONLY," and the provisions of this Order applicable to documents designated "CONFIDENTIAL – ATTORNEYS ONLY" shall apply to any document designated "ATTORNEY'S EYES ONLY."

3. <u>Access to Information Designated "CONFIDENTIAL – ATTORNEYS ONLY."</u> Material designated as "CONFIDENTIAL – ATTORNEYS ONLY," copies or extracts therefrom and the information therein by one party, may be given, shown, made available to, or communicated in any way only to the adverse party's:

(a) Outside counsel attorney for each party and necessary clerical and legal support personnel employed by such counsel;

(b) No more than two (2) in-house counsel for the non-producing party provided such in-house counsel review and use such confidential material only in their capacity of providing legal advice to the non-producing party and such counsel's office personnel;

(c) Third-party consultants and independent experts who agree to be bound by the terms of this Order;

(d) The Court and its personnel and any jury, if one is empaneled, as necessary for purposes of trial or motions;

(e) Any company that has provided liability insurance to a party, if specifically requested by the insurer, and that has agreed to be bound by the terms of this Order;

(f) Court reporters and other persons involved in recording or transcribing hearings, trial testimony or deposition testimony in this action; and

(g) Copying or microfilming services retained to handle or reproduce Discovery Materials in this action.

4. Each party may disclose the documents that it has identified as Confidential-Attorneys Only to any third party for purposes of prosecuting or defending this litigation, including to all authors and recipients of the documents, consultants and experts, regardless of whether they are employees of the producing party. Additionally, nothing in this Order shall limit any party that designates confidential material from using such party's own document or information in a manner inconsistent with this Order, even if such document or information has been designated as "Confidential" or "Confidential-Attorneys Only."

5. <u>Access to Information Designated as "Confidential."</u> Material designated as "CONFIDENTIAL," or copies of extracts therefrom and the information therein, may be given, or communicated in any way only to the individual eligible to receive Confidential Information-Attorneys Only, plus:

(a) Parties, including officers, directors, and employees for use in relation to this litigation only.

6. <u>Secrecy Agreement</u>. Before providing any "CONFIDENTIAL" information to any person designated in subparagraph 5 (A), or "CONFIDENTIAL – ATTORNEYS ONLY" information to any person designated in subparagraphs 3 (B), above, counsel shall provide such person with a copy of this Order and shall have such person execute a copy of Exhibit "A" to this Order. Copies of all original Agreements executed by or on behalf of a party shall be retained until the conclusion of the litigation.

7. <u>Additional Agreed-Upon Parties</u>. If the Court orders, or the parties agree, that persons not listed above should have access to information submitted as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS ONLY," such information will only be provided to such persons based on the conditions of this Order or any subsequent Order issued by the Court.

8. <u>Submissions to Court</u>. Any party who seeks to file with the Court material that includes documents, other information, or paraphrases of the same that has been designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS ONLY" shall submit such material in a sealed envelope pursuant to the rules and practices of the Southern District of New York.

At the trial of this action, subject to the rules of evidence and order of the Court, a party may use any protected information for any purpose consistent with this Order, including the introduction of such into evidence. Counsel for the parties agree to confer in good faith with the objective of having the trial of this action on a nonconfidential basis to the extent possible consistent with the objective of protecting the confidential information of the parties or third persons.

9. <u>Inapplicability of this Order to Public Information</u>. The restrictions and obligations of this Order shall not apply to information: (a) which is in the possession of or otherwise known to the receiving party, or (b) lawfully comes into the possession of or otherwise

-6-

becomes known to the public after the date of its transmission to the receiving party, provided that such information does not become publicly known by any act or omission of the receiving party which would be in violation of this Order.

10. <u>Use of Protected Information</u>. All information classified and produced in accordance with this Order shall be used solely and exclusively for purposes of this litigation and may not be used in connection with any other litigation, actual or contemplated, or for any other purpose whatsoever, absent agreement by the parties or an order of this Court to the contrary. Use for this litigation shall include use by opposing counsel to examine or cross-examine deposition or trial witnesses who are authors or prior recipients of the confidential information or who are present or former officers, agents, employees, servants, attorneys, Rule 30(b)(6) designees or experts or consultants of the party or third person from which the Confidential Information originated. A party may use its own designated information to examine or cross-examine any deposition or trial witness. Notwithstanding anything to the contrary herein, nothing herein shall preclude a party from taking any legal action against a third party the party learns, whether from documents or information designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS ONLY, or from any other source in the course of this action, to be infringing the party's intellectual property rights, provided that, if said legal action is brought by Plaintiff Chanel, Inc. ("Plaintiff") based solely on the third party's resale of products purchased from any of the defendants in this action without any alteration or modification, Plaintiff shall provide defendants' counsel herein with three (3) weeks written notice of Plaintiff's intent to file such legal action. The foregoing notice requirement is not required if Plaintiff reasonably believes the third party has modified or altered the products purchased from the defendants (i.e., by modifying the design on such products to resemble Plaintiff's trademark)

or that the third party has advised or instructed others that defendants' products may be so modified.

11. <u>Disagreement with Designation</u>. If a party to this Order who is a recipient of any information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS ONLY" and submitted in accordance with paragraph 2, disagrees with respect to such a designation, in full or in part, it shall notify the party in writing. The parties shall meet and confer in good faith to resolve the issue, such conference to occur not more than five (5) business days after receipt by the producing party of the receiving party's notice of disagreement. If before or during such a conference, the producing party withdraws the objected-to designation, it shall so state in writing and shall reproduce the information without the objected-to designation. If the receiving and producing parties are unable to reach agreement as to the status of the subject information submitted as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS ONLY" information within five (5) business days from the date of notification of such disagreement, any party to this Order may raise the issue of the designation of any materials with the Court. The party who seeks to designate the information confidential shall have the burden of proving such confidential status.

12. <u>Inadvertent Disclosure</u>. If Confidential or Confidential Information-Attorneys Only information submitted in accordance with paragraph 2 is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the party or a third person and Court and, without prejudice to other rights and remedies of the party or a third person, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

13. <u>Privileged Information</u>. If a party unintentionally discloses documents or material that is subject to the attorney-client or work product privileges, upon discovery of that disclosure the producing party shall so advise the receiving party in writing and request the documents or materials be returned, and if that request is made, no party to this action shall thereafter assert that the unintentional disclosure waived any privilege or immunity. It is further agreed that the receiving party will return or destroy the inadvertently produced documents or material, and all copies and derivations in its possession, within five (5) business days of the receiving party's receipt of a written request for the return of the documents or material. The cost, if any, for excising such documents or material by the receiving party, shall be borne by the producing party. No party that inadvertently receives such privileged information shall be sanctioned for using and/or disclosing such information prior to notice that such is privileged. The receiving party having returned the inadvertently produced documents or material may within fourteen (14) days of the return of the material seek production of the documents or material in accordance with the Federal Rules of Civil Procedure. If a motion seeking production is not sought within fourteen (14) days of the return of the documents or material, then the receiving party shall be deemed to have waived its right to seek production of the returned documents or material. Finally, should the receiving party be the party that discovers the inadvertent production of privileged information, the receiving party shall notify the producing party and proceed with the destruction or return of such information in accordance with the producing party's wishes.

14. <u>Amendments</u>. The parties may move to amend this Order, but any proposed amendment that would broaden the range of persons having access to Confidential or

Confidential Information-Attorneys Only must be proposed and adopted <u>before</u> such information is supplied in reliance upon the terms of this Order, unless all parties consent to the amendment.

15. <u>Response to Subpoena</u>  Whenever any person subject to this Order is requested by a subpoena, request for production of documents, civil investigative demand, or other legal process, to disclose to persons or entities not parties to this action, any documents, objects, things, or testimony designated "Confidential," "Confidential-Attorneys Only" in this action, such person, unless otherwise prohibited from doing so by law, shall, as soon as reasonably practical and prior to production, but in no event later than five (5) business days after receipt of the request, notify the party that produced the confidential information (or its counsel of record) by certified mail, return receipt requested, of the existence and terms of such request. If a response to such request is due in fewer than ten (10) days, the notice shall be given orally and confirmed in writing sent by facsimile within forty-eight (48) hours after receipt of such request. Subject to an order prohibiting disclosure or production, the party receiving such request shall be entitled to make disclosure or production.

16. <u>Survival.</u> This Order shall survive the final termination of this action with respect to any information designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS ONLY." Within thirty (30) days after the final termination of this litigation, including all appeals, at the election of the producing party or third person, the originals and all copies thereof of confidential material shall be destroyed and certification of such destruction shall be provided to counsel for the producing party. In the alternative, the confidential materials shall be returned to counsel for the party or non-party that produced such information, except that outside counsel shall be entitled to retain one copy of all pleadings, filings, depositions, and discovery responses, as well as exhibits thereto provided that such documents will be held for internal use only and

shall be handled in accordance with the continuing obligations imposed by this Order. If, at the conclusion of this action, there shall then exist another litigation for which the confidential materials could be used, then the party in possession of the documents may request to retain such documents for use in such other litigation contingent upon the entry in such other litigation of an order substantially similar to this Order.

17. After the final termination of this proceeding, including all appeals, the Clerk of the district court is permitted to return sealed material to the party that submitted it, or to destroy such sealed materials.

18. This Court shall retain jurisdiction over this Order, the foregoing stipulation, and the parties hereto for the purposes of enforcing said Order and stipulation and adjudicating claims of breaches thereof and administering damages and other remedies related thereto. The parties hereto agree that this Order shall be binding on the parties when signed by their respective counsel.

19. In the event that counsel for either party withdraws or is dismissed from representation in this action, said counsel shall continue to be bound by this Order and, subject to applicable rules of law and attorney ethics, shall not turn over any materials designated confidential to successor counsel, or to any other person except as permitted herein or by consent of the adverse party or parties, until successor counsel has agreed to be bound by the terms of this Order.

Date: May 13 2008

FROSS ZELNICK LEHRMAN & ZISSU, P.C.

By: [signature]

-11-

Barbara A. Solomon (BS 8845)

Michael Chiappetta (MC 7644)
Telephone: (212) 813-5900

Attorneys for Chanel, Inc.

Date: May 13, 2008

COWAN, LIEBOWITZ & LATMAN, P.C.

By: _____

Ariana S. Cohen (AC 9043)

Eric J. Shimanoff (ES 4558)

Telephone: (212) 790-9200

Attorneys for Defendants Teng Da Trading USA, Inc. and Xiang Yuan Fan a/k/a Shawn Fan

IT IS SO ORDERED.

_____
United States District Judge

Date: May 14, 2008

EXHIBIT A

NON-DISCLOSURE AGREEMENT

I, _____, state that I have read and understood the terms of the Protective Order entered on _____ in *Chanel, Inc. v.* Teng Da Trading Inc. and Xiang Yuan Fan a/k/a Shawn Fan, Civ. No. 07 Civ. 11113 (NRB), and hereby agree to comply with and be bound by the terms and conditions of the Order unless and until modified by further Order of this Court.

I understand that I am to retain all copies of any documents or materials designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS ONLY" in a secure manner, and that all copies are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon the copies and any writing prepared by me containing any confidential information are to be returned to counsel who provided me with such material or destroyed by shredding.

I will not disclose or divulge confidential information to persons other than those specifically authorized by said Order, and I will not copy or use confidential information except solely for the purposes of this litigation. I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Order.

I hereby submit to the jurisdiction of the Southern District of New York, for the purpose of enforcement of the Protective Order.

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date:_____        Signature:_____

-13-