Arlana S. Cohen (AC-9034)
Eric J. Shimanoff (ES-4558)
COWAN, LIEBOWITZ & LATMAN, P.C.
1133 Avenue of the Americas
New York, NY 10036
(212) 790-9200
Attorneys for Defendants
Teng Da Trading USA, Inc. and
Xiang Yuan Fan a/k/a Shawn Fan

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

CHANEL, INC.,                                               :

                Plaintiff,                   :    07 CV 11113 (NRB) (GWB)

      -against-                                        :

TENG DA TRADING, INC., TENG DA TRADING      :    **ANSWER TO FIRST**
USA, INC., XIANG YUAN FAN a/k/a SHAWN             **AMENDED COMPLAINT**
FAN and JOHN DOES 1-10                                    :

                Defendants.
------------------------------------------------------------ x

Defendants Teng Da Trading USA, Inc. ("Teng Da USA") and Xiang Yuan Fan a/k/a Shawn Fan ("Fan") (sometimes collectively, "Defendants"), by their attorneys, for their Answer to the First Amended Complaint ("Complaint") filed by Chanel, Inc. ("Chanel" or "Plaintiff") allege as follows:[1]

---

[1] Defendant Teng Da Trading, Inc., has been a defunct corporation since before Plaintiff filed the instant suit and thus is not a proper party to this litigation. This information was provided to Plaintiff in advance of its filing of its First Amended Complaint, in which Defendant Teng Da Trading USA, Inc., as successor in interest to Teng Da Trading, Inc., was added as a named defendant, so it is unclear why Plaintiff did not remove Teng Da Trading, Inc., as a named party from its amended pleading. Since Teng Da Trading, Inc., no longer exists, it cannot respond to the allegations in the First Amended Complaint. However, to the extent a response is required, Teng Da Trading, Inc., hereby relies upon and adopts as its own the response of Defendant Teng Da Trading USA, Inc., its successor in interest, in the Answer to the First Amended Complaint, and in all other pleadings and papers in this litigation, heretofore or hereafter filed or served.

26990/001/830960.1

1. Defendants deny the allegations in the last sentence of paragraph 1 of the Complaint and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said paragraph, and therefore deny the same.

2. Defendants deny the allegations in paragraph 2 of the Complaint, except admit that Teng Da USA imports, distributes and sells handbags and wallets that bear its registered trademark Serial No. 3,235,192.

3. The first sentence of paragraph 3 of the Complaint states a legal conclusion as to which no response is required but, to the extent a response is required, Defendants deny the allegations in the first sentence of said paragraph. Defendants deny the remaining allegations in said paragraph.

4. Paragraph 4 of the Complaint sets forth no factual allegations as to which a response is required but, to the extent a response is required, Defendants deny liability for Plaintiff's purported claims.

5. Paragraph 5 of the Complaint sets forth no factual allegations as to which a response is required but, to the extent a response is required, Defendants deny that Plaintiff is entitled to the relief requested.

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint, and therefore deny the same.

7. Defendants deny the allegations in paragraph 7 of the Complaint, except admit that Teng Da Trading, Inc., was a New York company with a place of business at 140 West 29th Street, New York, New York, that Teng Da Trading, Inc., imported, distributed and sold handbags and wallets bearing Teng Da USA's registered trademark Serial No. 3,235,192, and that Teng Da Trading, Inc., no longer exists and was purchased by Teng Da USA.

8. Defendants deny the allegations in paragraph 8 of the Complaint, except admit that Teng Da USA is a New York company with a place of business at 140 West 29th Street, New York, New York, that Teng Da USA imports, distributes and sells handbags and wallets bearing Teng Da USA's registered trademark Serial No. 3,235,192, and that Teng Da USA is the successor in interest to Teng Da Trading, Inc., a company that no longer exists.

9. Defendants deny the allegations in paragraph 9 of the Complaint, except admit that Fan is an employee of Teng Da USA and previously was an officer of Teng Da Trading, Inc.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint, and therefore deny the same.

11. Paragraph 11 of the Complaint states a legal conclusion as to which no response is required but, to the extent a response is required, Defendants do not deny that this Court has subject matter jurisdiction over this matter.

12. Paragraph 12 of the Complaint states a legal conclusion as to which no response is required but, to the extent a response is required, Defendants deny the allegations in said paragraph, but do not deny that this Court has personal jurisdiction over Defendants.

13. Paragraph 13 of the Complaint states a legal conclusion as to which no response is required but, to the extent a response is required, Defendants deny the allegations in said paragraph, but do not deny that venue is proper.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint, and therefore deny the same.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint, and therefore deny the same.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint, and therefore deny the same.

17. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint, and therefore deny the same.

18. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint, and therefore deny the same and refer to the cited registrations and exhibit for a complete and accurate statement of their contents.

19. Paragraph 19 of the Complaint states a legal conclusion as to which no response is required but, to the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in said paragraph, and therefore deny the same.

20. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint, and therefore deny the same.

21. Paragraph 21 of the Complaint states a legal conclusion as to which no response is required but, to the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in said paragraph, and therefore deny the same.

22. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 22 of the Complaint, and therefore deny the same. Defendants deny the remaining allegations in said paragraph, except admit that Teng Da USA is the owner of U.S. Registration No. 3,235,192, which was assigned to Teng Da USA by Teng Da Trading, Inc.

23. Defendants deny the allegations in paragraph 23 of the Complaint.

24. Defendants deny the allegations in paragraph 24 of the Complaint.

25. Defendants deny the allegations in the first sentence of paragraph 25 of the Complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said paragraph, and therefore deny the same.

26. Defendants are without knowledge or information sufficient to form a belief as to the allegations in the last sentence of paragraph 26, and therefore deny the same. Defendants deny the remaining allegations in said paragraph.

27. Defendants admit the allegations in paragraph 27 of the Complaint but deny they are using Plaintiff's mark or any mark confusingly similar to Plaintiff's mark.

28. Paragraph 28 of the Complaint states a legal conclusion as to which no response is required but, to the extent a response is required, Defendants deny the allegations in said paragraph.

29. Paragraph 29 of the Complaint states a legal conclusion as to which no response is required but, to the extent a response is required, Defendants deny the allegations in said paragraph.

30. Paragraph 30 of the Complaint states a legal conclusion as to which no response is required but, to the extent a response is required, Defendants deny the allegations in said paragraph.

31. Paragraph 31 of the Complaint states a legal conclusion as to which no response is required but, to the extent a response is required, Defendants deny the allegations in said paragraph.

26990/001/830960.1

32. Paragraph 32 of the Complaint states a legal conclusion as to which no response is required but, to the extent a response is required, Defendants deny the allegations in said paragraph.

### WITH RESPECT TO THE FIRST CLAIM FOR RELIEF – AGAINST ALL DEFENDANTS FOR TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1))

33. Defendants repeat and reallege their responses to paragraphs 1 through 32 of the Complaint as if fully set forth herein.

34. Paragraph 34 of the Complaint states a legal conclusion as to which no response is required but, to the extent a response is required, Defendants deny the allegations in said paragraph.

35. Paragraph 35 of the Complaint states a legal conclusion as to which no response is required but, to the extent a response is required, Defendants deny the allegations in said paragraph.

36. Paragraph 36 of the Complaint states a legal conclusion as to which no response is required but, to the extent a response is required, Defendants deny the allegations in said paragraph.

37. Paragraph 37 of the Complaint states a legal conclusion as to which no response is required but, to the extent a response is required, Defendants deny the allegations in said paragraph.

### WITH RESPECT TO THE SECOND CLAIM FOR RELIEF – AGAINST ALL DEFENDANTS FOR CONTRIBUTORY TRADEMARK INFRINGEMENT/COUNTERFEITING (15 U.S.C. § 1114(1))

38. Defendants repeat and reallege their responses to paragraphs 1 through 37 of the Complaint as if fully set forth herein.

26990/001/830960.1

39. Paragraph 39 of the Complaint states a legal conclusion as to which no response is required but, to the extent a response is required, Defendants deny the allegations in said paragraph.

40. Paragraph 40 of the Complaint states a legal conclusion as to which no response is required but, to the extent a response is required, Defendants deny the allegations in said paragraph.

41. Paragraph 41 of the Complaint states a legal conclusion as to which no response is required but, to the extent a response is required, Defendants deny the allegations in said paragraph.

42. Paragraph 42 of the Complaint states a legal conclusion as to which no response is required but, to the extent a response is required, Defendants deny the allegations in said paragraph.

43. Paragraph 43 of the Complaint states a legal conclusion as to which no response is required but, to the extent a response is required, Defendants deny the allegations in said paragraph.

44. Paragraph 44 of the Complaint states a legal conclusion as to which no response is required but, to the extent a response is required, Defendants deny the allegations in said paragraph.

45. Paragraph 45 of the Complaint states a legal conclusion as to which no response is required but, to the extent a response is required, Defendants deny the allegations in said paragraph.

26990/001/830960.1

46. Paragraph 46 of the Complaint states a legal conclusion as to which no response is required but, to the extent a response is required, Defendants deny the allegations in said paragraph.

### WITH RESPECT TO THE THIRD CLAIM FOR RELIEF – AGAINST ALL DEFENDANTS FOR FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a))

47. Defendants repeat and reallege their responses to paragraphs 1 through 46 of the Complaint as if fully set forth herein.

48. Paragraph 48 of the Complaint states a legal conclusion as to which no response is required but, to the extent a response is required, Defendants deny the allegations in said paragraph.

49. Paragraph 49 of the Complaint states a legal conclusion as to which no response is required but, to the extent a response is required, Defendants deny the allegations in said paragraph.

### WITH RESPECT TO THE FOURTH CLAIM FOR RELIEF – AGAINST DEFENDANT TENG DA TRADING USA, INC. FOR CANCELLATION OF TRADEMARK REGISTRATION (15 U.S.C. §§ 1052(d), 1119)

50. Defendant Teng Da USA repeats and realleges its responses to paragraphs 1 through 49 of the Complaint as if fully set forth herein. Defendant Fan need not respond to the allegations in plaintiff's fourth claim as they are not made against him.

51. Defendant Teng Da USA is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 51 of the Complaint, and therefore denies the same, except admits that Teng Da Trading, Inc., Teng Da USA's successor in interest, applied for and obtained U.S. Registration No. 3,235,192 for its trademark. Defendant Teng Da USA denies the allegations in the second sentence of said paragraph.

26990/001/830960.1

52.   Defendant Teng Da USA admits the allegations in paragraph 52 of the Complaint.

53.   Paragraph 53 of the Complaint states a legal conclusion as to which no response is required but, to the extent a response is required, Defendant Teng Da USA denies the allegations in said paragraph.

54.   Paragraph 54 of the Complaint states a legal conclusion as to which no response is required but, to the extent a response is required, Defendant Teng Da USA denies the allegations in said paragraph.

55.   Paragraph 55 of the Complaint states a legal conclusion as to which no response is required but, to the extent a response is required, Defendant Teng Da USA denies the allegations in said paragraph.

**WITH RESPECT TO THE FIFTH CLAIM FOR RELIEF –
AGAINST ALL DEFENDANTS FOR TRADEMARK INFRINGEMENT
AND UNFAIR COMPETITION UNDER NEW YORK COMMON LAW**

56.   Defendants repeat and reallege their responses to paragraphs 1 through 55 of the Complaint as if fully set forth herein.

57.   Paragraph 57 of the Complaint states a legal conclusion as to which no response is required but, to the extent a response is required, Defendants deny the allegations in said paragraph.

58.   Paragraph 58 of the Complaint states a legal conclusion as to which no response is required but, to the extent a response is required, Defendants deny the allegations in said paragraph.

59.   Paragraph 59 of the Complaint states a legal conclusion as to which no response is required but, to the extent a response is required, Defendants deny the allegations in said paragraph.

26990/001/830960.1

60. Paragraph 60 of the Complaint states a legal conclusion as to which no response is required but, to the extent a response is required, Defendants deny the allegations in said paragraph.

### WITH RESPECT TO THE SIXTH CLAIM FOR RELIEF – AGAINST ALL DEFENDANTS FOR DECEPTIVE TRADE PRACTICES (N.Y. Gen. Bus. Law § 349)

61. Defendants repeat and reallege their responses to paragraphs 1 through 60 of the Complaint as if fully set forth herein.

62. Paragraph 62 of the Complaint states a legal conclusion as to which no response is required but, to the extent a response is required, Defendants deny the allegations in said paragraph.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

63. The Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

64. The claims set forth in the Complaint are barred by waiver, laches and estoppel.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

65. Plaintiff's damages, if any, are remote, uncertain, speculative and without basis in law or in fact.

### JURY REQUEST

66. Defendants request a trial by jury.

**WHEREFORE**, Defendants respectfully request that the Court dismiss the Complaint in its entirety, award costs, disbursements and attorneys' fees to Defendants, and grant such other and further relief that the Court deems just and proper.

Dated: New York, New York
June 6, 2008

Respectfully submitted,

COWAN, LIEBOWITZ & LATMAN, P.C.

By:   /s/ Eric J. Shimanoff
      Arlana S. Cohen (AC-9034)
      Eric J. Shimanoff (ES-4558)
1133 Avenue of the Americas
New York, New York 10036
(212) 790-9200
Attorneys for Defendants
Teng Da Trading USA, Inc. and
Xiang Yuan Fan a/k/a Shawn Fan